UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMILA KRIVENKO**, individually, and on behalf of others similarly situated, | Case No.: |
| Plaintiff, | Hon.: |
| vs. | Mag.: |
| **GOLDEN BROTHERS, INC.** (d/b/a **GOLDEN TECHNOLOGIES, INC.**), a Pennsylvania corporation, | |
| Defendant. | |

**COLLECTIVE ACTION COMPLAINT AND JURY DEMAND**

Plaintiff, Jamila Krivenko ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her undersigned attorneys, hereby brings this Collective Action against Defendant Golden Brothers, Inc. (d/b/a Golden Technologies, Inc.) ("Defendant") to recover unpaid overtime compensation, liquidated damages, attorney's fees, costs, and other relief as appropriate under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201, *et seq*. Plaintiff's allegations herein are based upon knowledge as to matters relating to herself and upon information and belief as to all other matters.

1

## JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq*.

2. Additionally, this Court has jurisdiction over Plaintiff's collective action FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

3. Defendant's annual sales exceed $500,000.00 and it has more than two employees, therefore the FLSA applies in this case on an enterprise basis. Defendant's employees are engaged in interstate commerce and therefore they are also covered by the FLSA on an individual basis.

4. Venue lies in this District pursuant to 28 U.S.C. § 1391 because the Defendant is subject to general personal jurisdiction in this District.

5. Defendant's principal place of business is located in Old Forge, Pennsylvania, therefore jurisdiction lies in the Middle District of Pennsylvania.

## PARTIES

6. Plaintiff is an adult resident of Pittston, Pennsylvania and worked for Defendant from approximately July 1, 2023, through November 7, 2025. Plaintiff's consent to join form is attached as ***Exhibit A***.

2

7. Additional putative Collective members were or are employed by Defendant as hourly employees ("Hourly Employees") during the past three (3) years and their consent to join forms will also be filed in this case.

8. Defendant specializes in the production of durable medical equipment.

9. Defendant provides its services throughout the United States.

10. Defendant maintains multiple locations within the State of Pennsylvania.

11. Defendant is headquartered in Old Forge, Pennsylvania.

12. Defendant is engaged in an "enterprise" through "common operations" and/or "common control" under the FLSA, 29 U.S.C. § 203(r)(1), subject to the provisions of 29 U.S.C. §§ 201, *et seq*.; 29 C.F.R. § 791.237.

13. Defendant is registered to do business in Pennsylvania and maintains a registered agent for purposes of service listed as Robert Golden, 401 Bridge Street, Old Forge, Pennsylvania 18518.

## FACTUAL ALLEGATIONS

14. Plaintiff worked for Defendant in or around Pittston, Pennsylvania as a non-exempt Auditor.

15. Plaintiff's most recent base hourly rate of pay was $23.05.

16. In addition to the base rate of pay, Defendant incorporated various types of routine and non-discretionary compensation into its payment structure. For

3

example, Defendant paid employees Other Earnings (weekly attendance bonus pay) and Retro Pay (collectively "Bonus Pay").

17. Throughout Plaintiff's employment with Defendant, she and Defendant's Hourly Employees earned Bonus Pay and other non-discretionary remuneration.

18. Throughout Plaintiff's employment with Defendant, Defendant failed to properly calculate Plaintiff's Bonus Pay and other non-discretionary remuneration into the regular rate for proper overtime calculation.

19. As non-exempt employees, Defendant's hourly employees were entitled to full compensation for all overtime hours worked at a rate of 1.5 times their "regular rate" of pay.

**The Regular Rate of Pay**

20. Under FLSA, the regular rate is the "keystone" to calculating the correct overtime rate. *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419 (1945). It is "the hourly rate actually paid the employee for the normal, nonovertime workweek for which he is employed." 29 C.F.R. §778.108.

21. No matter how an employee is paid—whether by the hour, by the piece, on a commission, or on a salary—the employee's compensation must be converted to an equivalent hourly rate from which the overtime rate can be calculated. 29 C.F.R. §778.109. "The regular hourly rate of pay is determined by dividing the

employee's total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by the employee in that workweek for which such compensation was paid." *Id*.

22. There is a statutory presumption that remuneration in any form must be included in the regular rate calculation. Defendants carry the burden to establish that any payment should be excluded. *Acton v. City of Columbia, Mo.*, 436 F.3d 969, 976 (8th Cir. 2006) (citing *Madison v. Resources for Human Dev. Inc.*, 233 F.3d 187 (3rd Cir. 2000)). Thus, determining the regular rate starts from the premise that all payments made to Defendant's hourly employees for work performed are included in the base calculation unless specifically excluded by statute.

23. Once the total amount of an employee's "regular" compensation is deduced, "the determination of the regular rate becomes a matter of mathematical computation." *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 425 (1945). The regular rate must be expressed as an hourly rate because, although any method of compensating an employee is permitted, the FLSA imposes its overtime requirements in terms of hourly wages. Thus, if necessary, an employer must convert an employee's wages to an hourly rate to determine compliance with the statute.

24. Plaintiff's "total remuneration" included not only her base hourly pay, but also bonus pay. Indeed, 29 C.F.R. § 548.502 expressly provides that "[e]xtra overtime compensation must be separately computed and paid on payments such as

5

bonuses or shift differentials which are not included in the computation of the established basic rate…."; *see also* 29 C.F.R. §778.207(b) (Under FLSA, the regular rate of pay must consist of all forms of remuneration including non-discretionary bonuses and "such extra premiums as nightshift differentials… and premiums paid for hazardous, arduous, or dirty work.").

25. Defendant's Bonus Pay and other non-discretionary remuneration does not fall within any of the statutory exclusions from the regular rate as provided in 29 U.S.C. §§ 207(e)(1)-(8).

26. However, Defendant failed to incorporate Bonus Pay and other non-discretionary remuneration into its Hourly Employees' regular hourly rate calculation for overtime rates, resulting in *prima facie* violations of the FLSA.

27. Consistent with Section 7(a) of the Fair Labor Standards Act, Plaintiff and those similarly situated are entitled to overtime pay equal to 1.5 times their regular rate of pay for hours worked in excess of forty (40) hours per week.

28. Plaintiff and those similarly situated regularly worked in excess of forty (40) hours a week, and were paid some overtime for those hours, but at a rate that did not include Defendant's Bonus Pay and other non-discretionary remuneration for overtime rates as required by the FLSA.

29. For example, Plaintiff's pay stub for the pay period beginning September 7, 2025, through September 20, 2025, shows 117.00 hours of work, a

6

base hourly rate of $23.05 (and an overtime rate of $34.57 (1.5 time the base rate)), and gross earnings of $3,203.28 inclusive of $80.00 in Other Earnings (weekly attendance bonus pay). However, Defendant failed to include the Bonus Pay in the overtime rate calculation and, therefore, violated the FLSA.

30. Additionally, Plaintiff's pay stub for the pay period beginning June 29, 2025, through July 12, 2025, shows 91.25 hours of work, a base hourly rate of $23.05 (and an overtime rate of $34.57 (1.5 times the base rate)), and gross earnings of $2,646.57 inclusive of $241.00 in Retro Pay. However, Defendant failed to include the Bonus Pay in the overtime rate calculation and, therefore, violated the FLSA.

31. Defendant's paystubs for other similarly situated Hourly Employees who worked in different locations show similar violations of the FLSA regular rate calculation. Upon information and belief, Defendant maintained a centralized payroll system which calculated the regular rate in the same manner at each location and for all Hourly Employees.

32. Moreover, to the extent that any of Defendant's premium compensation paid to Plaintiff, and those similarly situated, could be qualified and applied as a credit under 29 U.S.C. §§ 207(7)(h), those credits may only be applied to the same workweek or work period in which the premiums were paid. *Herman v. Fabri-Centers of Am., Inc.*, 308 F. 3d 580, 590-92 (6th Cir. 2002).

33. In a Department of Labor Opinion Letter dated December 23, 1985, the Deputy Administrator stated: "We wish to point out that the surplus overtime premium payments, which may be credited against overtime pay pursuant to section 7(h) of [the] FLSA, may not be carried forward or applied retroactively to satisfy an employer's overtime pay obligation in future or past pay periods." *Opinion Letter Fair Labor Standards Act* (FLSA), 1985 WL 304329 at *3 (1985).

34. As a result of these *prima facie* FLSA violations, Defendant is liable to Plaintiff and those similarly situated for unpaid wages, liquidated damages, reasonable attorney's fees and costs, interest, and any other relief deemed appropriate by the Court.

## FLSA COLLECTIVE ACTION ALLEGATIONS

35. Pursuant to 29 U.S.C § 216(b), Plaintiff brings this action on behalf of all of Defendant's current and former hourly employees who work or have worked at any of Defendant's locations in the United States at any time in the past three (3) years.

36. Plaintiff and putative Collective Members are "similarly situated" as that term is used in 29 U.S.C § 216(b) because, among other things, all such individuals were eligible for and did receive Bonus Pay and other non-discretionary remuneration, but such pay was not calculated as part of their regular rate as required by the FLSA.

37. Upon information and belief, Defendant utilized a centralized payroll system which calculated overtime pay for all similarly situated employees in the same or similar manner regardless of job title or work location.

38. Resolution of this action requires inquiry into common facts.

39. These similarly situated individuals are known to Defendant, are readily identifiable, and can be located through Defendant's payroll records, which Defendant is required to maintain pursuant to the FLSA. 29 U.S.C. § 211(c); 29 C.F.R. § 516 *et seq*.

40. Notice to similarly situated employees is proper and necessary so that these employees may be readily notified of this action through electronic means, including email and text message, and allowed to opt in for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages and/or interest, and attorneys' fees and costs under the FLSA.

41. Upon information and belief, there are hundreds of similarly situated current and former employees of Defendant who were not paid their required wages and who would benefit from the issuance of court-authorized notice of this lawsuit and the opportunity to join it.

**VIOLATIONS OF THE FAIR LABOR STANDARDS ACT,
29 U.S.C. § 201, *et seq*. -- FAILURE TO PAY OVERTIME**

42. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

9

43. Plaintiff is an employee within the meaning of 29 U.S.C. § 203(e).

44. Defendant is an employer within the meaning of 29 U.S.C. § 203(d).

45. Defendant is engaged in an "enterprise" through "common operations" and/or "common control" under the FLSA, 29 U.S.C. § 203(r)(1), subject to the provisions of 29 U.S.C. §§ 201, *et seq*.; 29 C.F.R. § 791.237.

46. The Fair Labor Standards Act and its implementing regulations require that the regular rate of pay include all forms of remuneration. Section 207(e) outlines eight exceptions where payments to employees may not be included in the regular rate. Defendant's Bonus Pay and other non-discretionary remuneration do not fall into any of those exceptions.

47. Defendant failed to include Bonus Pay and other non-discretionary remuneration into the regular rate of pay for Plaintiff and all others similarly situated when calculating overtime rates. The failure to include this remuneration in overtime computations violates Section 7(a) of the FLSA, because Defendant's hourly employees are working overtime without being paid the statutorily required rates. 29 U.S.C § 207(a).

48. At all relevant times, Defendant maintained a policy and practice of willfully refusing to pay Plaintiff and all putative collective members the legally required amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA.

49. As a result of Defendant's willful failure to compensate Plaintiff and the putative collective members at a rate not less than 1.5 times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendant violated and continue to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including but not limited to 29 U.S.C. §§ 207(a)(1), 215(a), and 29 C.F.R. §§ 778.104. Defendant's conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

50. Plaintiff and all others similarly situated are entitled to back pay as well as liquidated damages in an amount equal to their back pay. As a result of Defendant's FLSA violations, Plaintiff and all others similarly situated are owed overtime wages at a rate to be calculated by taking the difference between the overtime they should have received for each workweek and the overtime they did receive during the same time period calculated using the incorrect regular rate. The exact amount can be readily determined using payroll and other employment records Defendant is statutorily required to maintain under FLSA, 29 U.S.C. § 211(c).

51. Plaintiff and all others similarly situated are entitled to back pay, liquidated damages, interest, attorney's fees and costs, and other relief as appropriate under the statute. 29 U.S.C. § 216(b).

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated,

requests the following relief:

a. Designation of this action as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and an order directing Defendant to provide Plaintiff a list of all current and former hourly employees who worked for Defendant at any time in the past three years. This list shall include the last known addresses, emails, and telephone number of each such person, so that Plaintiff can give those individuals notice of this action and an opportunity to make an informed decision about whether to participate;

b. An Order designating Plaintiff as representative of the FLSA Collective, and undersigned as counsel for the same;

c. A complete accounting of all the compensation Plaintiff and all others similarly situated are owed;

d. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

e. A monetary judgment awarding full back pay and an equal amount in liquidated damages;

f. An award of pre-judgment and post-judgment interest;

g. An award of costs and expenses of this action together with reasonable attorneys' fees, and an award of a service payment to the named Plaintiff; and

h. Such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff and all others similarly situated hereby demand a trial by jury on all issues in this Complaint that are so triable as a matter of right.

Date: January 14, 2026	Respectfully submitted,

/s/ Gary F. Lynch
Gary F. Lynch (PA 56887)
**LYNCH CARPENTER LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, Pennsylvania 15222
(412) 322-9243
gary@lcllp.com

Jesse L. Young (P72614)*
**SOMMERS SCHWARTZ, P.C.**
141 E. Michigan Avenue, Suite 600
Kalamazoo, Michigan 49007
(269) 250-7500
jyoung@sommerspc.com

*Pro Hac Vice forthcoming*

*Attorneys for Plaintiff and the Proposed Collective*

13